Thomas J. Hall (TJH 3859)
FABIANI COHEN & HALL, LLP
570 Lexington Avenue
New York, New York 10022
(212) 644-4420

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EDWARD KOHLER and RACHEL KOHLER,

                                             1:12 CV 03249 [CBA] [VVP]

                      Plaintiffs,

-against-

                                             **ANSWER**

ASTEC INDUSTRIES, INC.; ASTEC, INC.; CE1
ENTERPRISES, INC.; HEATEC, INC.; VANBRO CORP.;
PLAZA ELECTRICAL CONTRACTORS, INC.; JOHN DOES
1-5; ABC CORPORATIONS 1-5,

                      Defendants.
------------------------------------------------------------------------X

        Defendant, PLAZA ELECTRICAL CONTRACTORS, INC. ("PLAZA") by its attorneys, FABIANI COHEN & HALL, LLP, as and for an answer to the plaintiffs' First Amended Complaint, sets forth, upon information and belief, the following:

### JURISDICTION

        FIRST:      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "1" of the plaintiffs' First Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

        SECOND:    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "2" of the plaintiffs' First Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

515546.1

## PARTIES

THIRD: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "1" of the plaintiffs' First Amended Complaint.

FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "2" of the plaintiffs' First Amended Complaint.

FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "3" of the plaintiffs' First Amended Complaint.

SIXTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "4" of the plaintiffs' First Amended Complaint.

SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "5" of the plaintiffs' First Amended Complaint.

EIGHTH: Denies the allegations contained in Paragraph No. "6" of the plaintiffs' First Amended Complaint, except admits that on May 22, 2010, PLAZA maintained a principal place of business in Staten Island, New York.

NINTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "7" of the plaintiffs' First Amended Complaint.

TENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "8" of the plaintiffs' First Amended Complaint.

NINTH: Denies knowledge or information sufficient to form a belief as the truth of the allegations contained in Paragraph No. "9" of the plaintiffs' First Amended Complaint.

515546.1

## AS AND FOR AN ANSWER TO THE FIRST COUNT

TENTH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "1" of the plaintiffs' First Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

ELEVENTH: denies knowledge or information sufficient to for a belief as to the truth of the allegations contained in Paragraph No. "2" of the plaintiffs' First Amended Complaint.

TWELFTH: Denies each and every allegation contained in Paragraph No. "3" of the plaintiffs' First Amended Complaint.

THIRTEENTH: Denies each and every allegation contained in a subsequent paragraph erroneously designated No. "3" of the plaintiffs' First Amended Complaint.

FOURTEENTH: Denies each and every allegation contained in Paragraph No. "4" of the plaintiffs' First Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

FIFTEENTH: Denies each and every allegation contained in Paragraph No. "5" of the plaintiffs' First Amended Complaint.

SIXTEENTH: Denies knowledge or information sufficient to form a belief as t the truth of the allegations contained in Paragraph No. "6" of the plaintiffs' First Amended Complaint.

EIGHTEENTH: Denies knowledge or information sufficient to for a belief as to the truth of the allegations contained in Paragraph No. "7" of the plaintiffs' First Amended Complaint.

NINETEENTH: Denies each and every allegation contained in Paragraph No. "8" of the plaintiffs' First Amended Complaint.

TWENTIETH: Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. "9" of the plaintiffs' First Amended Complaint.

## AS AND FOR AN ANSWER TO THE SECOND COUNT

TWENTY-FIRST: In response to Paragraph No. "1" of the plaintiffs First Amended Complaint, defendant PLAZA repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "TWENTIETH" hereinabove as though more fully set forth at length herein.

TWENTY-SECOND: Denies the allegations contained in Paragraph No. "2" of the plaintiffs' First Amended Complaint and respectfully refers all questions of law to the determination of the Trial Court.

## AS AND FOR AN ANSWER TO THE THIRD COUNT

TWENTY-THIRD: In response to Paragraph No. "1" of the plaintiffs First Amended Complaint, defendant PLAZA repeats, reiterates and realleges each and every assertion and denial contained in Paragraph Nos. "FIRST" through "TWENTY-SECOND" hereinabove as though more fully set forth at length herein.

TWENTY-FOURTH: Denies each and every allegation contained in Paragraph No. "2" of the plaintiffs' First Amended Complaint.

TWENTY-FORTH: Denies each and every allegation contained in Paragraph No. "2" of the plaintiffs' First Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-FIFTH: Upon information and belief, any damages sustained by the plaintiff herein were not caused by any negligence or carelessness on the part of PLAZA, its

515546.1

4

servants, agents or employees, but were caused solely by the negligence and carelessness of the plaintiff and that such conduct requires diminution of any award, verdict or judgment that plaintiff may recover against PLAZA.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTY-SIXTH: Notwithstanding that PLAZA has denied liability herein, in the event that liability is found, the liability of PLAZA shall be fifty percent or less of the total liability assigned to all persons liable and pursuant to CPLR §1601 et seq., the liability of the PLAZA for non-economic loss shall not exceed its equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability of non-economic loss.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: That to the extent plaintiff recovers any damages for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings and/or other economic loss, the amount of the award shall be reduced by the sum total of all collateral reimbursements, from whatever source, whether it be insurance, social security payments, Workers' Compensation, employee benefits or other such programs, in accordance with the provisions of the CPLR §4545.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: That all risks and alleged dangers connected with the situation at the time and place mentioned in the verified complaint were open, obvious and apparent and were known to and assumed by plaintiff herein.

515546.1

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

TWENTY-NINTH: That upon information and belief, the injuries allegedly sustained by plaintiff were the result of the acts of another over whom PLAZA exercised no direction or control.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

THIRTIETH: Plaintiff misused the product allegedly designed, manufactured, maintained and/or repaired by PLAZA.

THIRTY-FIRST: If the Court finds that any misuse of the product caused and/or contributed to the alleged damages or injuries to plaintiff, then PLAZA requests that the amount of damages which might be recoverable shall be diminished by the proportion which the same misuse attributed to the plaintiff bears to the conduct which caused the alleged damages or injuries.

## AS AND FOR A FIRST CROSS-CLAIM
## AGAINST CO-DEFENDANTS
## ASTEC INDUSTRIES, INC.; ASTEC, INC.; CE1 ENTERPRISES, INC.; HEATEC, INC.; VANBRO CORP.; and JOHN DOES 1-5; ABC CORPORATIONS 1-5
### (collectively, "THE CO-DEFENDANTS")

(COMMON LAW INDEMNIFICATION)

THIRTY-FIRST: That although PLAZA has denied the allegations of wrongdoing asserted against it by the plaintiff, nevertheless, should PLAZA be found liable to the plaintiff, such liability will have been the result of the active and affirmative wrongdoing of THE CO-DEFENDANTS, while the wrongdoing of PLAZA will have been passive and secondary.

THIRTY-SECOND: By reason of the foregoing, PLAZA is entitled to full indemnity from THE CO-DEFENDANTS.

<u>**AS AND FOR A SECOND CROSS-CLAIM**
**AGAINST CO-DEFENDANTSASTEC INDUSTRIES, INC.; ASTEC, INC.; CE1**
**ENTERPRISES, INC.; HEATEC, INC.; VANBRO CORP.; and JOHN DOES 1-5; ABC**
**CORPORATIONS 1-5**
(collectively, "THE CO-DEFENDANTS")</u>

(CONTRIBUTION)

THIRTY-THIRD: That although PLAZA has denied the allegations of wrongdoing asserted against it by the plaintiff, nevertheless, should PLAZA be found liable to the plaintiff and should PLAZA not be awarded full indemnity on the first cross-claim of this answer, then PLAZA is entitled to an apportionment of fault against THE CO-DEFENDANTS in proportion to the relative degrees of fault or wrongdoing among the parties to this action or as otherwise provided under Articles 14 and 16 of the CPLR.

THIRTY-FOURTH: By reason of the foregoing, PLAZA is entitled to contribution or partial indemnity from THE CO-DEFENDANTS in accordance with the relative degrees of fault or wrongdoing of the parties to this action or as otherwise provided under Articles 14 and 16 of the CPLR.

**WHEREFORE**, defendant, PLAZA ELECTRICAL CONTRACTORS, INC., demands:

1. Judgment dismissing the First Amended Complaint;

2. In the event that the First Amended Complaint is not dismissed, then full indemnity with respect to the first cross-claim;

3. In the event that full indemnity is not granted, then contribution pursuant to the second cross-claim in accordance with degrees of wrongdoing;

4. Together with the costs and disbursements of this action.

Dated: New York, New York
November 2, 2012

                                        Yours, etc.,

                                        FABIANI COHEN & HALL, LLP

                                        Thomas J. Hall (TJH3859)
                                        Attorneys for Defendant
                                        PLAZA ELECTRICAL CONTRACTORS, INC.
                                        570 Lexington Avenue
                                        New York, New York 10022
                                        Phone: (212) 644-4420

TO:    STEINVURZEL LAW GROUP, P.C.
        Attorneys for Plaintiffs
        EDWARD KOHLER and RACHEL KOHLER
        34 South Broadway
        White Plains, New York 10601
        (914) 288-0102

        KEEFE BARTELS
        Attorneys for Plaintiffs
        EDWARD KOHLER and RACHEL KOHLER
        170 Monmouth Street
        Red Bank, New Jersey 07701
        (914) 224-9400

        SILBERT & HILLER, LLP
        Attorneys for Defendants
        ASTEC INDUSTRIES, INC. and ASTEC, INC.
        1500 Broadway, 21st Floor
        New York, New York 10036
        (212) 245-0808

Thomas J. Hall (TJH 3859)
FABIANI COHEN & HALL, LLP
570 Lexington Avenue
New York, New York 10022
(212) 644-4420

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
EDWARD KOHLER and RACHEL KOHLER,

                                      Plaintiffs,

-against-

ASTEC INDUSTRIES, INC.; ASTEC, INC.; CE1
ENTERPRISES, INC.; HEATEC, INC.; VANBRO CORP.;
PLAZA ELECTRICAL CONTRACTORS, INC.; JOHN DOES
1-5; ABC CORPORATIONS 1-5,

                                      Defendants.
-----------------------------------------------------------------------X

1:12 CV 03249 [CBA] [VVP]

**NOTICE OF DEPOSITION**

      **PLEASE TAKE NOTICE**, that pursuant to Fed. R. Civ. P. 30(b)(6), defendant, PLAZA ELECTRICAL CONTRACTORS, INC., will take the depositions upon oral examination of all adverse parties at the offices of FABIANI COHEN & HALL, LLP, 570 Lexington Avenue, New York, New York, before a Notary Public or other officer authorized by law to administer oaths. The oral examinations will begin on December 11, 2012, commencing at 10:00 a.m.

      The oral examinations will continue from day to day until completed. You are invited to attend and cross-examine.

Dated: New York, New York
          November 2, 2012

                                                        FABIANI COHEN & HALL, LLP

                                                        Thomas J. Hall (TJH3859)
                                                        Attorneys for Defendant
                                                        PLAZA ELECTRICAL CONTRACTORS, INC.
                                                       570 Lexington Avenue
                                                       New York, New York 10022
                                                       Phone: (212) 644-4420

515550.1

TO:    STEINVURZEL LAW GROUP, P.C.
Attorneys for Plaintiffs
EDWARD KOHLER and RACHEL KOHLER
34 South Broadway
White Plains, New York 10601
(914) 288-0102

KEEFE BARTELS
Attorneys for Plaintiffs
EDWARD KOHLER and RACHEL KOHLER
170 Monmouth Street
Red Bank, New Jersey  07701
(914) 224-9400

SILBERT & HILLER, LLP
Attorneys for Defendants
ASTEC INDUSTRIES, INC. and ASTEC, INC.
1500 Broadway, 21st Floor
New York, New York  10036
(212) 245-0808