UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EDWARD KOHLER, et al.,

                Plaintiffs,          **ORDER**

   - v -

                                          CV-12-3249 (CBA)(VVP)

ASTEC INDUSTRIES, INC., et al.,

                Defendants.
------------------------------------------------------------x

      By letter dated January 13, 2014 [Dkt. Ent. 72] the plaintiffs have moved to compel the defendant Astec, Inc. to provide further documents responsive to five requests in the plaintiffs' second set of document requests, specifically, Requests 3, 4, 14, 16, and 19. The requests have previously been reviewed and ruled upon by the court at a hearing on September 12, 2013, where the court determined that the defendant Astec was required "to provide whatever written policies they have with respect to safety when their employees are visiting a location like Vanbro." Hearing Tr., Sep. 12, 2013, p. 35 [Dkt. Ent. 64]. All of the requests that are the subject of the instant motion clearly seek documents beyond that limitation, and to the extent that they do, the motion is an improper motion for reconsideration. For example, Requests 3 and 4 seeks all "safety-related" materials, not solely those that concern safety when visiting outside locations. Request 19 seeks information about all online safety courses, and thus goes well beyond the limitation. The rulings that follow constitute specific, final decisions which apply the court's prior rulings to each of the requests at issue:

      Requests 3 and 4:    the defendant shall produce any portions of safety-related materials and e-mails Moody communicated to Harris that reflect safety policies to be followed when employees visit offsite locations;

      Request 14:    to the extent that Harris's performance evaluation reflects safety policies applicable when employees are at offsite locations and

his compliance with any such policies, it is to be produced but may be redacted to exclude any other information;

Requests 16 and 19:  the defendant shall produce documentation, including any online documentation provided to Harris by the defendant, regarding instructions related to safety procedures (including lockout/tagout procedures) to be followed when employees visit offsite locations.

The defendant shall produce any additional materials, or confirm that no such additional materials exist, at least 24 hours in advance of Moody's deposition if it has not yet been held. In all other respects the plaintiffs' motion is denied as an untimely and unsupported motion for reconsideration of prior rulings.[1]

          **SO ORDERED:**

          *Viktor V. Pohorelsky*
          VIKTOR V. POHORELSKY
          United States Magistrate Judge

Dated:    Brooklyn, New York
            February 3, 2014

---

[1] Pursuant to Local Rule 6.3, a motion for reconsideration must be made within 14 days, and will generally be denied unless the moving party can establish: "(1) that the court overlooked controlling decisions or data [or] that there has been a change in decisions or data; (2) that there has been a change in controlling law; (3) that new evidence has become available; or (4) that reconsideration is necessary to correct a clear error or prevent manifest injustice." *Hughes v. McWilliams,* No. 04-CV-7030, 2009 WL 2971757, at *1 (S.D.N.Y. Sept. 16, 2009) (citing *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995)). Courts narrowly construe and strictly apply this rule in order to avoid "repetitive arguments on issues that have already been considered fully by the court." *Norton v. Town of Islip*, No. 04-CV-3079, 2012 WL 1622996, at *1 (E.D.N.Y. May 9, 2012); *Caleb & Co. v. E.I. Du Pont De Nemours & Co.,* 624 F. Supp. 747, 748 (S.D.N.Y. 1985).